IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

        Plaintiff,                    No. 2:13-cv-1183 EFB P

    vs.

GUY GILLEN, et al.,

        Defendants.          ORDER AND
                                        FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has filed a complaint indicating that he is "just renewing" a case. Dckt. No. 1. Court records reveal that the complaint in this action is nearly identical to the complaint plaintiff filed in an earlier action, *Weaver v. Gillen*, No. 2:11-cv-2126 JAM GGH, Dckt. No. 1. That action was dismissed because plaintiff failed to pay the filing fee and was barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g).

////

////

////

This action must be also dismissed.  Plaintiff has neither paid the filing fee, nor demonstrated that he is eligible to proceed *in forma pauperis*.  A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Weaver v. California Corr. Inst.*, No. 1:06-cv-01429 OWW SMS P, 2007 U.S. Dist. LEXIS 32826 (E.D. Cal. Apr. 20, 2007) (order dismissing action as frivolous and malicious); (2) *Weaver v. CCI-Tehachapi*, No. 1:04-cv-6079 LJO WMW P (E.D. Cal. Dec. 7, 2007) (order dismissing action for failure to state a claim); and (3) *Weaver v. Appeal Coordinator*, No. 1:06-cv-0134 OWW DLB P, 2006 U.S. Dist. LEXIS 61532 (E.D. Cal. Aug 28, 2006) (order dismissing action for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).  In the complaint, plaintiff alleges that he was released from prison and sent to Union Gospel Mission, instead of a halfway house and that this has violated his rights. Dckt. No. 1.  Plaintiff's allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

////

Accordingly, it is hereby ORDERED that this action be randomly assigned to a United States District Judge.

Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule, No. 14), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 1, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3